**GAW | POE LLP**

4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

April 19, 2016

Re:   *ABC Distributing, Inc. et. al v. Living Essentials, LLC et. al*

Dear Judge Cousins,

This joint letter concerns the parties' disputes over Defendant Living Essentials' responses to Plaintiffs' document requests and interrogatories.

**Statement of the Issue**
Plaintiffs seek an order compelling further responses to their document requests and interrogatories, served on Living Essentials on February 2, 2016, a week after the Scheduling Order issued.  Twenty days thereafter, on February 22, counsel for Living Essentials requested a four-week extension of time to respond, to April 1, "as additional time is required to gather the requested information and prepare [Defendants'] production."  (*See* Ex. 1, attached hereto.)  Plaintiffs responded to the request that same day:

> We are happy to grant that extension if it means that the responses/production will be substantive and complete.  You will understand that we will use the one-month extension against LE if we grant it, but then get stone-walled in return.

(*Id.*)  Living Essentials responded:  "We understand our obligations under the Federal Rules and intend on fulfilling those obligations."  (*Id.*)

On March 29, 2016, Living Essentials' counsel contacted Plaintiffs' counsel to request a further extension of time to respond to Plaintiffs' outstanding discovery.  As stated in counsel's email, this request was required due to the broad scope of Plaintiffs' request.  Specifically, Plaintiffs' written discovery generally required Living Essentials and its counsel to collect and review any and all documents regarding Living Essentials' California sales of 5-hour ENERGY® during the last 5 years. (Declaration of Bryan L. Hawkins ("Hawkins Decl."), at ¶ 3.)  As this process involved the review and analysis of upwards of a million pages of documents, an additional 30-days seemed reasonable.

Plaintiffs' counsel responded that same day and communicated his concern that Living Essentials would "take advantage of this time, and then stiff us by refusing to produce certain categories of requested documents." (Hawkins Decl., at Exh. A.)  Based on this stated concern, Plaintiffs' counsel agreed to provide Living Essentials with an additional 30-days to review and produce responsive documents.  Counsel, however, would not agree to provide a further extension of time for Living Essentials to serve its written responses to Plaintiffs' written discovery.

Living Essentials served its written responses on April 1.  As for the requests for production of documents, Living Essentials stated that it would produce documents in response to every single one of Plaintiffs' requests.  Living Essentials also stated that it would respond to all of Plaintiffs'



4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

interrogatories pursuant to Federal Rule of Civil Procedure 33(d) which allows a party to respond with reference to responsive documents.

On the same day, Plaintiffs emailed Living Essentials' counsel asking to meet and confer over the responses. On April 7, 2016, the parties unsuccessfully met and conferred by telephone over these issues. Living Essentials responses are attached hereto as Exhibits 2 and 3.

**Plaintiffs' Position on Living Essentials' RFP Responses**
Every one of Living Essentials' responses to Plaintiffs' RFPs is identical. Without differentiation or explanation, Living Essentials objects on grounds of (1) overbreadth, (2) undue burden, (3) "oppressive"[ness], (4) attorney-client privilege, (5) "compound," (6) "vague," (7) "ambiguous," (8) "confusing", (9) "assumes facts not in evidence," and (10) "priva[cy]." Following that claptrap, to every single request Living Essentials states: "Subject to and without waiving the foregoing general and specific objections, Defendants respond as follows: Defendants will comply with this request by producing all responsive, non-privileged documents in their possession, custody or control."

Few of Living Essentials' objections even make sense, let alone are they apt to the category of documents requested. For example, RFP No. 15 asks for Living Essentials' "contracts with Paramount" (the broker that it uses for its sales in California). Living Essentials gave the same list of objections. How is the request for contracts privileged, or oppressive, or compound, or vague, or confusing, or assuming of "facts not in evidence" (even if the last were an objection recognized by any authority)? The template objections are the precise definition of "boilerplate." The problem of such boilerplate is that is it 100% opaque. It is impossible for Plaintiffs to determine what documents Living Essentials is agreeing to produce when it says that—"subject to . . . the foregoing general and specific objections"—it will produce everything responsive. Indeed, by objecting with nothing but boilerplate after having had 60 days to consider and tailor its responses, all of Living Essentials' potential objections should be deemed waived. *See Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all.").

More particularly, Living Essentials' responses fail to satisfy the obligations of Rule 34, which was amended in 2015. First, a responding party can no longer vaguely respond that documents will be produced at an undetermined time. Rule 34(b)(2)(B) now requires responding parties to complete production "no later than the time for inspection specified in the request or another reasonable time specified in the response." If production must be in stages, the response should specify the beginning and end dates. (Adv. Comm. Notes to 2015 Amendments to FRCP 34.) Living Essentials has not produced a single document in the 74 days since served, nor does it say when its production will even *begin*, let alone "be completed" as required by Rule 34. Contrary to its promise, Living Essentials has completely stonewalled Plaintiffs.

Second, amended Rule 34(b)(2)(C) requires responding parties to state with specificity the grounds for objecting to the request, including the reasons, and also to state whether any responsive materials are being withheld on the basis of that objection. (Adv. Comm. Notes to 2015 Amendments to FRCP 34.) Living Essentials' responses provide no such specificity. To



4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

the contrary, they are worded so vaguely that they do nothing but provide Living Essentials cover, so that it can withhold production of whatever it wants to, which it will evidently decide *only after* its counsel determines what skeletons are buried in its documents. Rule 34 does not condone that strategy.

**Plaintiffs' Proposed Compromise re Living Essentials' RFP Responses**
Living Essentials' boilerplate objections should be deemed waived, and it should be ordered to begin producing responsive documents immediately, and to complete its production within 30 days. Plaintiffs served these requests a week after the Scheduling Order was issued, meaning that Plaintiffs should have had 4-5 months to review documents and work with the information prior to the August 16 deadline for expert disclosures on class certification. In the more than two months since service, Living Essentials has done nothing but copy and paste boilerplate responses. Plaintiffs can already foresee what will transpire without a strict order: Living Essentials will not complete its production until it is far too late for Plaintiffs' counsel and their experts to review the production and make any use of it.

As an alternative to ordering Living Essentials to complete its production within 30 days, Plaintiffs propose that the disclosure deadline be tolled to a date three months after Living Essentials honors its obligations under Rules 34 and 33.

**Living Essentials' Position on Its RFP Responses**
Plaintiffs' requests for production requests that Living Essentials review and produce any and all documents regarding its sales of 5-hour ENERGY®. This includes not only sales contracts and purchasing agreements, but also correspondence (including email correspondence) by and between Living Essentials' individual salespersons and their respective contacts with purchasers, i.e., Costco, Rite Aid, Walgreens, etc. Living Essentials' counsel communicated to Plaintiffs' counsel that additional time was required in order to complete this arduous process, which involved the collection and review of upwards of a million pages of documents. This discovery dispute is a function of the fact that Living Essentials and its counsel are still in the process of collecting and reviewing potentially responsive documents **and** the fact that while Plaintiffs agreed to provide Living Essentials with an extension of time to complete this process and produce and identify responsive documents, they refused to provide Living Essentials with additional time to serve its written responses. For that reason, Plaintiffs' objections and arguments are ultimately premature.

Plaintiffs first argue that Living Essentials' objections are frivolous. This is incorrect. A quick review of Plaintiffs' request evidences their broad scope - essentially all documents regarding Living Essentials' California sales of 5-hour ENERGY® since 2011. This fact supports Living Essentials' objections. Plaintiffs' reference to request number 15 is misleading. According to Plaintiffs, this request only seeks documents regarding Living Essentials' contracts with Paramount. The request, however, is not limited to Paramount and includes contracts with "all other sales brokers/agents used by YOU." Indeed, this request isn't even limited to brokers and agents located in California (or even in the United States for that matter). Living Essentials' objections are appropriate and are specifically tailored to Plaintiffs' requests.



4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

Plaintiffs also argue that Living Essentials' responses are improper because (1) they don't identify the specific documents to be produced and (2) they were not accompanied by the actual production.[1]  Again, this makes no sense.  Living Essentials' counsel informed Plaintiffs' counsel that additional time was required to collect and review documents and Plaintiffs' counsel agreed to provide that time.  Given this agreement, he cannot now object that Living Essentials hasn't properly identified or produced responsive documents.

During the parties' meet and confer communications, Living Essentials' counsel suggested that the parties agree to temporarily postpone this discussion until after Living Essentials had produced responsive documents pursuant to the parties' agreement and supplemented its written responses.  (Hawkins Decl., at Exh. B.)  This proposal still makes the most sense in this case and Living Essentials submits that as a compromise to this completely unnecessary dispute.  Living Essentials is also willing to stipulate to a continuance of the discovery deadlines to allow for this additional time.

**Plaintiffs' Position on Living Essentials' Interrogatory Responses**
Every one of Living Essentials' interrogatory responses is also identical.  Without differentiation or explanation, Living Essentials objects on grounds that every interrogatory is (1) "vague and ambiguous," (2) overbroad, (3) unduly burdensome, (4) "oppressive," (5) and seeks "private and confidential" information (notwithstanding the protective order that governs this case).  Following those nonsensical objections, Living Essentials responds:  "Subject to and without waiving the foregoing general and specific objections Defendant responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d), Defendants will respond to this interrogatory with reference to responsive, non-privileged documents, if any, after it has completed its collection and review of relevant documents."

Rule 33 does not condone a litigant responding to every single interrogatory by saying that it might produce documents containing the answer to the question—"if any" documents exist.  Rule 33 instead expects that a litigant will, put simply, answer the question asked.  Subsection 33(d) permits a party to produce documents in response to an interrogatory only on two conditions: (1) that "the burden of deriving or ascertaining the answer will be substantially the same for either party," and (2) that the responding party specifies the records "in sufficient detail to enable the interrogating party to locate and identify them *as readily as the responding party could*."  Fed. R. Civ. P. 33(d)(2).  Neither requirement for invoking Rule 33(d) is met here.

First, Plaintiffs' nine interrogatories seek simple answers specific to Defendants' business.  Plaintiffs do not have access to Living Essentials' personnel, shipping, and pricing records.  Defendants have not explained (nor will they be able to in the future explain) how the burden to ascertain this information is "substantially the same for either party."

Second, far from "specifying the records … in sufficient detail" to allow Plaintiffs to figure out the answers "as readily as [Defendants] could," Living Essentials says only that it will respond "with reference to responsive, non-privileged documents, ***if any***, after it has completed its

---

[1] Plaintiffs' counsel never raised any of these objections during the parties' meet and confer communications.



4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

collection and review of relevant documents." Defendants' interrogatory responses fail to provide any information, with no promise of anything forthcoming.

Plaintiffs' interrogatories are primarily database queries—which could all be answered within minutes by Living Essentials' records custodians. Others are not database queries. Interrogatory No. 7, for example, asks Living Essentials to state all facts supporting its claim (which it has repeated many times in its briefing to date) that its discriminatory prices were justified by differences in the cost of manufacture, sale, or delivery—one of just two permissible defenses to price-discrimination under the Robinson-Patman Act. Rather than describe those facts, Living Essentials gives the same answer—that there *might be* documents that address those issues, and that Plaintiffs should hunt for them. That response is a joke.

Similarly, Interrogatory No. 8 asks for the identity of the buyers at five customers to whom Living Essentials sold 5-Hour Energy. Living Essentials gives the same response: that the question is "vague and ambiguous," "unduly burdensome," "oppressive," and not "complete in and of itself" (?). Then it says that there *might be* documents on the subject. Another joke.

**Plaintiffs' Proposed Compromise re Interrogatory Responses**
Living Essentials' boilerplate objections should be deemed waived, and it should be ordered to answer the interrogatories within 14 days. Plaintiffs need this information if they are to prepare and produce an expert disclosure on class certification issues by August 16, as called for in the Scheduling Order.

**Living Essentials' Position on Its Interrogatory Responses**
Once again, Plaintiffs' objections are a function of their refusal to agree to provide Living Essentials with the requested extension. Rule 33(d) permits a party to respond to interrogatories with reference to documents and Living Essentials intends to exercise that right. It cannot specifically reference those documents until after it has completed its collection, review, and production, and Plaintiffs have agreed to provide Living Essentials with additional time to complete this process. Furthermore, and as stated in its responses and during the parties' meet and confer communications, Living Essentials intends to supplement its interrogatory responses once that review process is completed. (Hawkins Decl., at Exh. G.)

As for Plaintiffs' complaints regarding Living Essentials' objections and responses, they are not well taken. Plaintiffs don't specify which objections are improper; however, to the extent they are asserting that their interrogatories are not broad, this is belied by the fact the requests are in regards to all of Living Essentials' California (and sometimes non-California) sales since 2011. The interrogatories are also vague and ambiguous in that they do not define numerous terms without clear meanings. For example, the interrogatories repeatedly use the term "customers" without distinguishing between direct sales customers and indirect sales customers. The interrogatories are rife with these types of ambiguities.

Second, Living Essentials' responses are proper. As stated above, Living Essentials stated that it would respond to all of Plaintiffs' interrogatories. Plaintiffs' counsel communicated to Living Essentials' counsel that his primary concern was that Living Essentials would obtain extensions



4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Phone: (415) 766 7451
Fax: (415) 737 0642

of time to respond and then respond with objections only.  This is not what Living Essentials has done; rather, it has stated that it intends on responding to each and every one of Plaintiffs' interrogatories.  As for the complaint regarding Living Essentials' use of the phrase "if any," it is necessary because, as previously stated, the review and collection process is still ongoing.[2]

The resolution of this dispute is simple:  allow Living Essentials to produce responsive documents as the parties agreed and to supplement its interrogatory responses as stated.  Only after this is done can either party determine the validity of any of Plaintiffs' objections.

Sincerely,

GAW | POE LLP


By:     /s/ *Mark Poe*
        Mark Poe
        Attorneys for Plaintiffs



STOEL RIVES LLP


By:     /s/ *Bryan Hawkins*
        Bryan L. Hawkins
        Attorneys for Defendants

---

[2] Plaintiffs also complain that Living Essentials has not stated when it will be producing documents and identifying documents pursuant to Rule 33(d).  This is incorrect as the parties have agreed that Living Essentials will produce its documents by May 2.  (Hawkins Decl., at Exh. A.)